**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHYE L. WILBORN,<br>        Appellant, | DOCKET NUMBER<br>AT-0752-22-0242-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: April 16, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Shye L. Wilborn, Marietta, Georgia, pro se.

Kevin Burton, North Little Rock, Arkansas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

On March 8, 2020, the appellant filed an appeal with the Board, alleging that she was forced to resign from her GS-11 Public Affairs Specialist position with the Department of the Army, Georgia National Guard, due to unlawful discrimination. Initial Appeal File (IAF), Tab 1; Petition for Review (PFR) File, Tab 5 at 9. In her initial appeal, the appellant stated that her employer was the Department of Defense. IAF, Tab 1 at 1. However, the appellant attached a document to her appeal, entitled Second Amended Complaint for Damages,[2] identifying her agency as the "Georgia Department of Defense, [] a state agency." *Id*. at 4, 6.

The administrative judge issued a jurisdictional order, notifying the appellant that the Board may not have jurisdiction over her involuntary resignation, setting forth the applicable legal standard for establishing jurisdiction, and providing her with an opportunity to present evidence and argument establishing a nonfrivolous allegation of jurisdiction. IAF, Tab 3. She then issued a second jurisdictional order, explaining that there was also a question as to whether the appellant was an employee who could exercise Board appeal rights as defined by 5 U.S.C. § 7511 and providing her with an opportunity to present evidence and argument establishing the same. IAF, Tab 5. The appellant's representative responded to the orders, stating, among other things, that the appellant was an employee of the "Department of Defense, [] a [F]ederal agency" and attaching several documents in which the agency referred to the appellant as a Title 5 employee. IAF, Tab 7 at 6, 42, 49.

Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). Specifically, the administrative judge found that the appellant did not establish that she was an employee under 5 U.S.C. § 7511 because

---

[2] The document appeared to be a draft of a filing prepared by an attorney as part of the appellant's Equal Employment Opportunity Commission case. IAF, Tab 1 at 4-25.

she represented that she was an employee of the Georgia Department of Defense, and she had provided no support for her later assertion that she was hired by the Department of the Army as a federal civilian technician.[3]  ID at 2.  Furthermore, the administrative judge found that, to the extent that the appellant suggested she was a National Guard technician, the National Guard Technician Act expressly excluded National Guard technicians from the coverage of 5 U.S.C. § 7511.  ID at 2-3.  Accordingly, the administrative judge found that the appellant had failed to establish that she was an employee under 5 U.S.C. § 7511 and dismissed her appeal for lack of jurisdiction.  ID at 3-4.

The appellant filed a petition for review, asserting that she was a Title 5 Federal civilian employee with Board appeal rights.  PFR File, Tab 5 at 4-6.  The appellant also attached several documents to her petition for review, including a copy of the Standard Form 50 (SF-50) documenting her resignation, as well as a February 2018 memorandum stating that the appellant was being converted from a Title 32 excepted service dual status technician to a Title 5 excepted service National Guard employee.  *Id.* at 8-9.  The agency did not respond to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant is an employee under 5 U.S.C. § 7511(a)(1)(C).</u>

The administrative judge erred in finding that the appellant was not an employee under 5 U.S.C. § 7511.  The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Only individuals meeting the definition of an "employee" set forth in 5 U.S.C. § 7511 have statutory rights to appeal an adverse action to the Board.  5 U.S.C. §§ 7511(a)(1), 7513(d).  The appellant has the burden of proving that the

---

[3] Although the appellant listed the Department of the Army as the agency in the caption of her jurisdictional response, she identified the Department of Defense as her former employing agency in the contents of her response.  IAF, Tab 7 at 4, 6.

Board has personal jurisdiction over her appeal by preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

The administrative judge erred in finding that the appellant was not a Title 5 employee. ID at 2-3. While, at first, the appellant's representative appears to have mistakenly identified the agency as the "Georgia Department of Defense, [] a state agency," she corrected this error in her response to the administrative judge's jurisdictional orders by clarifying that the agency was the "Department of Defense, [] a [F]ederal agency." *Compare* IAF, Tab 1 at 6, *with* Tab 7 at 6. The appellant also attached several documents to her jurisdictional response proving that she was a Title 5 employee, including a letter from the agency's Office of the State Judge Advocate stating that the appellant was a "Title 5 civilian in the Georgia National Guard." IAF, Tab 7 at 42-43. The appellant also provided an email from the same individual, informing an Equal Employment Opportunity Commission administrative judge that the appellant had Board appeal rights. *Id.* at 49. Therefore, the documents submitted on review, i.e., the SF-50 establishing that the appellant's resignation was taken under the authority of 5 C.F.R. § 715.202 and the February 2018 memorandum stating that the appellant's position was converted to a Title 5 excepted service position, merely confirm that the appellant was a Title 5 employee. PFR File, Tab 5 at 8-9.

In conclusion, we find that the appellant was an employee under 5 U.S.C. § 7511(a)(1)(C) because she was a Title 5 excepted service National Guard employee for more than 2 years, and thus, she is entitled to Board appeal rights from any adverse action taken under 5 U.S.C. § 7513(d). PFR File, Tab 5 at 8-9; IAF, Tab 7 at 6-7. Accordingly, we remand this matter to the administrative judge.

Instructions on remand

There appears to be an unresolved issue of timeliness, as the appellant resigned effective December 26, 2021, but filed her appeal on March 8, 2022. PFR File, Tab 5 at 9; IAF, Tab 1. On remand, we direct the administrative judge

to provide the appellant with the appropriate notice of her burden of proof on timeliness and provide the parties with an opportunity to produce evidence and argument on the same. Recognizing that the issues of timeliness and jurisdiction are often inextricably intertwined in a case such as this, i.e., an involuntary resignation appeal, the administrative judge shall make a finding as to whether the appellant was subject to an appealable adverse action. *Petric v. Office of Personnel Management*, 108 M.S.P.R. 342, ¶ 6 (2008) (explaining that the issues of jurisdiction and timeliness were inextricably intertwined in a constructive removal case because the resolution of the timeliness issue depends on whether the appellant is subject to an appealable action). If the appellant was subject to an appealable adverse action, the administrative judge shall then make a finding on the issue of timeliness.

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:  _____
Gina K. Grippando
Clerk of the Board
Washington, D.C.